## CIRCUIT COURT OF CHESTERFIELD COUNTY

Davis

v.

Davis et al.

v.

Sprowls

August 30, 1993

Case No. 41CH92–1212

By Judge William R. Shelton

On May 25, 1993, the parties came before the court to determine the legal effectiveness of a change in beneficiary designation of a Group Insurance Policy owned by the now deceased Norman E. Davis, Jr. After a review of the briefs submitted by counsel and the court's own research, the court has made the following findings.

The court finds that the applicability of the Parol Evidence Rule to the deceased's change in beneficiary designation is not the threshold issue before the court. The Parol Evidence Rule applies to the formation of contracts and the original parties thereto. More specifically, the Parol Evidence Rule applies when the *original parties attempt to alter, vary or contradict the terms of the original contract.* In the case at bar, the contract at issue was successfully formed years ago when the life insurance policy went into effect. Furthermore, we are dealing with persons not parties to the original contract. Case law indicates that the Parol Evidence Rule is not applicable to such people. Moreover, the court is not allowing anyone to alter, vary or contradict the terms of the original contract.

The Parol Evidence Rule does not apply to modifications to contracts that occur subsequent to its formation. This change in benefi-

ciary occurred some time after the contract was entered into; therefore, the Parol Evidence Rule does not bar the admissibility of parol evidence as to subsequent modifications or negotiations. For the aforementioned reasons, the court finds that the admissibility of parol evidence is both proper and necessary. The real issue before the court is whether it can allow parol evidence to give legal effect to an attempted change in beneficiary where such attempt was not in exact compliance with the contractually prescribed method of designating a beneficiary. The court finds that there are no Virginia cases on point; however, it finds the majority view, as stated in *American Jurisprudence* to be dispositive and consistent with common sense and equitable principles. It states:

> A more liberal view is taken by the great majority of cases . . . which supports the view that a change of beneficiary can be effected without strict or complete compliance with the provisions of the policy regarding notice and endorsement. The courts upholding this view usually state the general proposition that *substantial compliance by the insured with the conditions respecting a change of beneficiary is sufficient.* The reason for this principle is that the *right of the insured to change the beneficiary should be honored whenever possible and should not be defeated by delay, red tape, or mere technicalities.* In many cases in which the conflict was not between the insurer and the claimant but between the original beneficiary and the substituted beneficiary, the rule has been applied that on the principle that equity regards as done that which ought to be done, *the courts will give effect to the intention of the insured by holding that a change of beneficiary has been accomplished where he has done all that he could to comply with the provisions of the policy.*

44 Am. Jur., *Insurance*, § 1755 (emphasis supplied).

The court adopts the view as articulated above and finds that the beneficiary designation by the decedent of his mother for his insurance policy was legally effective to vest in her the right to receive all benefits under the policy that are due. The decedent did all he could, and the court will not allow technicalities to prevent her from taking where the evidence clearly demonstrates that such was the decedent's intention.